UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAMISHA HENDRIX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-cv-2643-M |
| | § | |
| HARTFORD LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Judgment on the Pleadings [Docket Entry #8], filed by Defendant Hartford Life Insurance Company ("Hartford"). For the reasons stated below, the Motion is **GRANTED in part** and **DENIED in part**.

I.      BACKGROUND

In 2001, Byron Keith Hendrix ("Byron") purchased an accidental death insurance policy, naming Plaintiff Kamisha Hendrix ("Plaintiff" or "Hendrix") as the beneficiary. *Pl.'s Am. Compl.* 2. On February 20, 2006, Byron died as a result of a gunshot wound. *Id.* Hendrix filed a claim for benefits in April 2006. *Id.* According to Hendrix, Hartford sent her a series of letters, from July 3, 2006, to December 15, 2011, stating that the claim was under investigation. *Id.* Hartford ultimately paid Hendrix $276,000.00 in policy benefits on May 17, 2012. *Id.*

On July 16, 2012, Hendrix sued Hartford in state court claiming violations of (1) the Prompt Payment of Claims Act ("prompt payment claims"), (2) other provisions of the Texas Insurance Code ("insurance code claims"), and (3) the Texas Deceptive Trade Practices Act ("DTPA claims"). *Pl.'s Original Pet.* 2–3. Hartford removed the action to this Court and moved

for judgment on the pleadings regarding the DTPA and prompt payment claims. After the parties briefed the Motion, Hendrix amended her Complaint, dropping the DTPA cause of action. *See Pl.'s Am. Compl.*

## II.   STANDARD

A defendant is entitled to judgment on the pleadings when the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(c), (h)(2). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule (12)(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citations omitted). Accordingly, a court must liberally construe the pleading in favor of the plaintiff, and all well-pleaded facts in the complaint must be taken as true. *See Campbell v. Wells Fargo Bank, NA.*, 781 F.2d 440, 442 (5th Cir. 1986). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must be sufficient to raise a non-speculative right to relief which is plausible on its face. *Id.*; *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 748 (5th Cir. 2008).

## III.   ANALYSIS

1.   Texas Deceptive Trade Practices Act

Because Hendrix dropped her DTPA claim, the Court need not resolve it. However, the Court cautions that should Hendrix attempt to reassert that claim, it would fail as a matter of law. The elements of a claim under the DTPA are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). A party, such as Hendrix, "whose only relation to an insurance policy is to seek

policy proceeds is not a 'consumer' as defined by the DTPA" and does not have standing to bring such a claim. *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 274 (Tex. 1995) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983).

2.   Prompt Payment of Claims Act

Hendrix's prompt payment claim rests on three sections of the Texas Insurance Code: 542.055, 542.058, and 542.056.  Section 542.055(a) requires that, within 15 days of receiving a claim, an insurer (1) acknowledge receipt of the claim, (2) commence investigation, and (3) request all the information from claimant necessary to investigate the claim.  Texas Ins. Code § 542.055.  Section 542.058 requires insurers to pay a claim within sixty days of receiving from the claimant all items, statements, and forms requested under Section 542.055(a)(3).  Texas Ins. Code § 542.058.  Section 542.056 gives insurers an additional fifteen days after receiving "all items, statements, and forms required by the insurer to secure final proof of loss" to "notify the claimant in writing of the acceptance or rejection of the claim."  Texas Ins. Code § 542.056.

Hartford argues that all of Hendrix's claims are barred by the statute of limitations.  To begin this analysis, the Court must discern when Hendrix's claims accrued and the limitation periods began to run.  Hendrix alleges that she filed her claim in April 2006.  From this, the Court can conclude that her cause of action under § 542.055(a) accrued, at the very latest, on May 15, 2006.  If, at that point, Hartford had not acknowledged Hendrix's claim, commenced its investigation, or requested all the pertinent documents from Hendrix, then the violations would have been complete and the limitation period triggered.

The Amended Complaint does not establish, however, when the insurer received the items under § 542.055(a)(3), or therefore, when § 542.058's sixty-day clock to pay the claim began to run.  Similarly, Hendrix does not allege when Hartford received all the items required to

"secure final proof of loss," or therefore, when § 542.056's fifteen-day clock to accept or reject the claim began to run.  Nonetheless, although she does not articulate the underlying dates, Hendrix claims that Hartford's prompt payment obligations took effect on or before June 1, 2006.  *See id.*  Thus, taking Hendrix's allegations as true, as the Court must at this stage, the Court concludes the claims accrued, and the limitations period was triggered, on or before June 1, 2006.

While there is some disagreement over whether the statute of limitations period for prompt payment claims is two or four years, the Court need not resolve this dispute.  *Compare Ericsson, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 3:05-CV-0816-K, 2006 WL 770424, at *2 (N.D. Tex. Mar. 27, 2006) (two-year limitations period), *with Rx.com, Inc. v. Hartford Fire Ins. Co.*, 426 F. Supp. 2d 546, 563–64 (S.D. Tex 2006) (four-year limitations period).  Regardless of whether the statute of limitations is two or four years, this claim, brought more than six years after June 1, 2006, is untimely.

In her Amended Complaint, Hendrix attempts to evade this bar by alleging that Hartford fraudulently concealed its prompt payment violations, thus tolling the limitations period.  "[A]ccrual of a cause of action is deferred in cases . . . in which the wrongdoing is fraudulently concealed."  *S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex. 1996).  To establish fraudulent concealment, a plaintiff must establish four elements: "(1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception."  *Welk v. Simpkins*, 402 Fed. Appx. 15, 18 (5th Cir. 2010).

Hendrix's fraudulent concealment argument is rooted in a series of twelve letters she claims to have received in which Hartford allegedly represented its investigation was ongoing.

*Pl.'s Am. Compl.* 2.  But, according to Hendrix, the first of these letters was not sent until July 3, 2006, over a month after Hendrix's prompt payment claims had allegedly accrued.  *Id.*  Even assuming the letters contained deceptive representations, and that Hendrix relied on those representations, the letters could not possibly have concealed the existence of the alleged tort.  According to Hendrix, on June 1, 2006, Hartford had *already violated* the Prompt Payment of Claims Act by failing to acknowledge her claim, investigate her claim, request the proper documentation, accept or deny the claim, or pay the claim.  At that point, any alleged violation would have been completed and apparent to Hendrix.  Subsequent representations regarding the status of the investigation may or may not give rise to claims not before the Court, but they could not have concealed the prompt payment claims that were already ripe.  Because the letters do not substantiate a claim of fraudulent concealment, or toll the statute of limitations, Hendrix's prompt payment claims are time-barred.

## IV. CONCLUSION

Hartford's Motion for Judgment on the Pleadings on the DTPA claim is **DENIED** as moot since Plaintiff voluntarily dropped it from her Amended Complaint.  However, the Motion is **GRANTED** as to the prompt payment claims, and they are **DISMISSED** as barred by the statute of limitations.

**SO ORDERED.**

March 13, 2013.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**